Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston Division

United States Courts
Southern District of Texas
FILED

MAY 2 4 2018

David J. Bradley, Clerk of Court

|  |  |
|---|---|
| Daniel James Caldwell | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Jefferson Sessions, in the capacity of Attorney General, or his authorized agent(s) for him, and Kirstjen Nielsen, in the capacity of Secretary of Homeland Security, or his authorized agent(s) for him

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Daniel James Caldwell |
| Street Address | 3711 Southmore Blvd. Apt. XXX, Houston, Harris, TX 77004 |
| City and County | (temporarily residing at 1913 Wild Horse Corral, C/o M. Franz |
| State and Zip Code | (Lewisville, Denton, TX 75067, returning on August 11, 2018) |
| Telephone Number | 512-761-5740 |
| E-mail Address | daniel.caldwell@g.austincc.edu |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**Defendant No. 1**

| | |
|---|---|
| Name | Jefferson Sessions, through regional representative |
| Job or Title *(if known)* | Attorney General of the United States |
| Street Address | 1000 Louisiana, Ste. 2300 |
| City and County | Houston, Harris County |
| State and Zip Code | Texas, 77002 |
| Telephone Number | 713-567-9000 |
| E-mail Address *(if known)* | usatxs.atty@usdoj.gov |

**Defendant No. 2**

| | |
|---|---|
| Name | Kirstien Nielsen, through regional representative |
| Job or Title *(if known)* | Secretary of Homeland Security |
| Street Address | ~~20 Massachusetts Ave., NW, MS 2090~~ 126 North point Dr |
| City and County | ~~Washington, D.C.~~ Houston, Harris Room 2020 |
| State and Zip Code | ~~District of Columbia, 20529-2090~~ Texas 77060 |
| Telephone Number | ~~1-703-234-1501~~ 281-931-2046 |
| E-mail Address *(if known)* | CSC-NCSC-FollowUp@uscis.dhs.gov |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. §§ 1331, 1361, 1651, 2201(a), 2202; 5 U.S.C. §§ 555(b), 702 et seq., 8 USCS § 1571, as interpreted by Sherdil v. Chertoff, Ahmadi v. Chertoff, 522 F. Supp. 2d 816 (2007), inter alia; 8 U.S. Code §§ 1101(a)(15)(K)(1), 1103(a), 1184(d)(1); 8 C.F.R. 214.2; 18 U.S.C. § 241 et seq.; 1st Amend. and 14th Amend. Sec. 1 as interpreted by Obergefell v. Hodges, 135 S. Ct. 2584 (2015).

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

      b.    If the defendant is a corporation

          The defendant *(name)* _____ , is incorporated under

          the laws of the State of *(name)* _____ , and has its

          principal place of business in the State of *(name)* _____ .

          Or is incorporated under the laws of *(foreign nation)* _____ .

          and has its principal place of business in *(name)* _____

      *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

        
```
┌─────────────────────────────────────────────────────┐
│                                                     │
│                                                     │
│                                                     │
│                                                     │
└─────────────────────────────────────────────────────┘
```

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

> The inaction and dereliction of duty I complain of primarily occurred in "processing" at the USCIS California Service Center in LAGUNA NIGUEL CA 92607-1012.
> The further inaction and failure to deliver notice giving any reason for dismissal of my appeal occurred in the "processing" at the Administrative Appeals Office in Washington, D.C. 20529-2090.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

> On 02/28/2017, USCIS received my amended I-129F Petition for Alien Fiance(e) in WAC1790471518.
> On 09/08/2017, USCIS received my third form I-129F application for K-1 visa, WAC1790465764.
> On 10/05/2017, USCIS received my second I-290B Notice of Appeal to the Commissioner, Receipt Number WAC1890008866 (the first one having been rejected for filing September 21, 2017).
> On 03/29/2018, USCIS claims to have sent me a notice of dismissal, which I have still not received.
> On 04/24/2018, a USCIS Tier 2 agent took my inquiry because my 09/08/2017 petition was then well outside the posted processing times and case status inquiry dates; no decision has yet been made.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.    **What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

> USCIS clearly and grossly misapplied the law by refusing to consider 02/28/2017, the date USCIS accepted and filed my amended I-129F petition, when deciding whether I met my fiancee "in person within the two years immediately preceding the filing of the petition." 8 C.F.R. 214.2(k)
> The 08/09/2017 decision improperly denied my petition by concluding I need a waiver/exemption. When USCIS incorrectly set "the required two-year meeting timeframe of November 14, 2014 through November 14, 2016," USCIS needlessly required a showing of "extreme hardship."
> USCIS also incorrectly determined that presenting a legal impossibility which required extraordinary writ or illegal entry to overcome failed to establish eligibility to exempt the requirement.
> USCIS is continuing an ongoing violation of my constitutional right as a U.S. citizen to marry without due process of law with unreasonable delay by prolonging the processing of the petition and appeal beyond the period prescribed by Congress.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

> The direct costs suffered consist of the filing fees for the appeal, motion to reopen/reconsider, and new petition. The major consequential damages are primarily deprivation of protected liberty without due process of law.
> If homosexual couples suffer irreparable injury by a state denying them the right to marry, in their chosen state, the partner of their choice, then I also suffer irreparable injury by the federal government denying me, everywhere within its much larger jurisdiction, the right to marry a woman of my choice who shares my faith. The ongoing inaction and denials by USCIS abridge the fundamental constitutional right to marry protected by the 1st and 14th amendments as explained in Obergefell v. Hodges, 135 S.Ct at 2593-94, 2597-98, and 2604. The case has been pending continuously since 11/14/2016, more than eighteen months now, and the reasonable amount of time established by Congress has passed three times despite diligent inquiry.
> At this point, the delays are arbitrary and capricious, and others will be similarly harmed if not corrected.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

> I request USCIS to expedite the processing of the adjudication of the egregiously late approval and appeal.
> I also request that USCIS be required to show cause for the unreasonable delay in approving the I-129F petition in WAC1790465764 and why the dismissal of the appeal should not be reversed and remanded.
> I also request a precedent decision holding that acceptance of an amended I-129F petition constitutes the filing of the petition for the purpose of determining the reference date for satisfying 8 U.S.C. 1184(d).
> I also request refund of the second I-129F filing fee ($535) and both I-290B filing fees ($675), or a credit to future required USCIS fees in the amount of $1,885, *plus costs of court*
> I also request a precedent decision holding that the concurrent denial of a petitioner's passport and the 8 U.S.C. 1101(a)(15)(K) "solely to conclude" sole purpose requirement, which excludes eligibility for every other visa classification (except by fraud) creates a "legal impossibility" that constitutes a per se "extreme hardship."
> I also request a precedent decision extending the Obergefell holding to a U.S. citizen's right to marry an alien.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      05/24/2017

Signature of Plaintiff      /s/ Daniel Caldwell

Printed Name of Plaintiff      Daniel Caldwell

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

| | | |
|---|---|---|
| In the Matter of: | § | Before the Administrative Appeals Office |
| Daniel James Caldwell | § | U.S. Citizenship and Immigration Services |
| Petition for Alien Fiancee K-1 Visa | § | U.S. Department of Homeland Security |

### <u>BRIEF IN SUPPORT OF RESOLVING CASE INQUIRIES (WKD1141801841CSC)</u> <u>AND OF MOTION TO REOPEN / RECONSIDER</u> (WAC1890008866)
### CONTENTS

| | | |
|---|---|---|
| I. | ISSUES PRESENTED FOR REOPEN / RECONSIDERATION OF I-290B - 12 pages |
| II. | INTRODUCTION / IDENTITY OF PARTIES | ¶ 1-8 |
| III. | PETITION HISTORY | ¶ 9-14 |
| IV. | REQUEST / STATEMENT OF THE CASE | ¶ 15-22 |
| V. | ISSUE A: EXTREME HARDSHIP DUE TO LEGAL IMPOSSIBILITY | ¶ 23-43 |
| VI. | ISSUE B: AMENDED PETITION IMMEDIATELY FILED | ¶ 44-56 |
| VII. | ISSUE C: UNREASONABLE DENIAL OF FUNDAMENTAL RIGHTS | ¶ 57-69 |
| VIII. | CONCLUSION: PETITION SHOULD BE APPROVED WITHOUT DELAY | ¶ 70 |

I.    THE AAO SHOULD RECONSIDER DISMISSAL OF WAC1890008866, WHEREIN

THE AAO PROVIDED NO REASON FOR DISMISSAL, PER SR11141805964CSC

A.  Is a legal impossibility of compliance created by the government due to no fault

of the individuals a *per se* "extreme hardship" to compliance?

If yes, the waiver should be granted, and the 11/14/2016 petition should be approved

under the jurisprudence in *In re L-O-G-*, 21 I. & N. Dec. 413, 419, 1996 BIA LEXIS 18, *16

(B.I.A. June 14, 1996) ("Given the subjective nature of the extreme hardship requirement, it is

appropriate for the Immigration Judge to hear in person the evidence in support of the claim."),

where the USCIS field officer acts as an immigration judge, but allowed no oral hearing.

I request a ruling on the question, is "legal impossibility" a *per se* extreme hardship?

B.  Is submitting Form I-129F, accepted as received by USCIS, a filing of a petition?

If yes, no waiver should be required, and the 02/28/2017 petition should be approved

under the jurisprudence in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7

Daniel James Caldwell                    1                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER WAC1790465764

Previously I-290B (WAC1890008866), I-290B (WAC1790471518), and I-129F WAC1790070318

(2011) (to file is to "deliver (a paper or instrument) to the proper officer so that it is received by

him to be kept on file, or among the records of his office"), where the Form I-129F is a petition

for "the classification sought for [my] beneficiary: K-1 Fiancé[e]" on page 2, Part 2, Item 1.

I request a ruling on the question, is the acceptance of a form I-129F by USCIS, the filing

of the petition?

C.  Are the multiple delays of any discernable action by USCIS unreasonable,

1.  of more-than seventeen months since the original petition?

2.  of more-than fourteen months since the second petition? and

3.  of more-than seven months since the third petition?

If yes, no waiver should be required, and USCIS should adjudicate the 09/13/2017

petition within 21 days of the April 24 case status inquiry, May 15, 2018, or be subject to

mandamus under the jurisprudence in *Houle v. Riding*, No. CV-F-07-1266- LJO-GSA, 2008 U.S.

Dist. LEXIS 8482, at *19-20 (E.D. Cal. Jan. 25, 2008) (8 U.S.C. §1571(b) advises: "It is the

sense of Congress  [*20] that the processing of an immigration benefit application should be

completed not later than 180 days after the initial filing of the application.").

I request a ruling on the question, are the multiple delays by USCIS unreasonable?

II.  INTRODUCTION / IDENTITY OF PARTIES ¶ 1-8

I declare that the following is true and correct.  So that all statements of fact herein may

further be admissible as affidavit evidence, I make them under penalty of perjury under the laws

of the United States of America, pursuant to 28 U.S.C. Sec. 1746.  Executed May 1, 2018.

1.  My name is Daniel James Caldwell ("I"), SSN 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, DoB 01/15/1985.

Daniel James Caldwell                              2                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

2.  I am the Petitioner/Appellant in these cases, and I am a natural-born U.S. citizen currently residing at 3711 Southmore Blvd. # 404, Houston, TX 77004.

3.  Pamela Diana Cavallo Dominguez ("Pamela"), A-209781861, is my fiancee, as defined in section 101(a)(15)(K)(i) of the Immigration and Nationality Act ("the Act").

4.  Pamela was born a Dominican national, so she is not eligible for the visa waiver program.

5.  I met Pamela by video chat on 08/26/2016 and asked her to marry me on 09/17/2016.

6.  We seek to have Pamela enter the United States solely so she can marry me and be my wife ("conclude a valid marriage") immediately ("within ninety days") after admission, having been waiting for the opportunity to do so more than seventeen (17) months.

7.  Pamela's sole purpose in seeking to come to the U.S. is to marry me and stay with me.

8.  Because this is Pamela's sole purpose in coming to the U.S., she cannot show, other than by fraud, eligibility to meet requirements for any other visa classification's purpose to enter the U.S. because a K-1 Fiancee visa classification requires this be the sole purpose.

III.  PETITION HISTORY

9.  I have submitted three I-129F petitions to USCIS seeking approval of a K-1 fiancee visa.

10. USCIS expressly or constructively (by unreasonable delay after express denial) denied each petition, and the AAO dismissed my appeal of denial of the first two without notice.

11. Each petition satisfied the basic requirements for form and substance prescribed by the Secretary of Homeland Security under Section 214(d) of the Act for issuance of a visa.

12. I submitted supporting documents with each petition, including address and criminal histories, to establish that Pamela is qualified and eligible for the visa benefit requested.

Daniel James Caldwell                    3                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

13. The supporting documents further include excerpts of (1) our electronic communication transcripts to show our intention and willingness to marry is bona fide and (2) public and private records to show we are legally able to conclude a valid marriage.

14. USCIS accepted our first petition on 11/14/2016 (Receipt Number WAC1790070318), our second petition on 02/28/2017 (also under Receipt Number WAC1790070318), and our third petition on 09/13/2017 (Receipt Number WAC1790465764).

IV.    REQUEST/ STATEMENT OF THE CASE    ¶ 15-22

15. I request that the California Service Center, or the AAO for it, reconsider the denials of our petitions and the rejection (Receipt Number WAC1790471518) then dismissal (Receipt Number WAC1890008866) of our prior appeal seeking approval of my petitions under 8 CFR Sec. 214.2(k), to classify Pamela as a K-1 fiancee visa beneficiary.

16. ISSUE A: Is a legal impossibility of compliance created by the government due to no fault of the individuals a *per se* "extreme hardship" to compliance?

17. When I filed the first petition on 11/14/2016, I requested a waiver of the 8 CFR 214.2(k)(2) requirement to "have met in person within the two years immediately preceding the filing of the petition" because of government-created legal impossibility of me traveling out of the U.S. (by denial of my passport) and legal impossibility of Pamela traveling into the U.S. (because she could only qualify sooner for another visa by fraud).

18. In September 2016, I applied for a U.S. passport, which the Department of State denied on 10/25/2016, making international travel legally impossible until they issued it.

19. When USCIS sent me a request for additional evidence on 02/15/2017, I filed a second petition under the same receipt number, accepted for filing with documentation to show

Daniel James Caldwell                    4                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

(1) the prior legal impossibility and (2) that, with 02/28/2017 as the amended petition

filing date, a waiver of the in-person meeting requirement is unnecessary since we met

in-person on 12/29/2016 after the government finally removed the legal impossibility by

issuing my passport on 12/23/2016 when I obtained extraordinary relief (habeas corpus).

20. ISSUE B: Is submitting Form I-129F, accepted as received by USCIS, a filing of a

petition?

21. In its August 9, 2017, attachment to its form I-292 denial, the government did not address

the legal "impossibility" acknowledged receipt of my "Form I129F" Petition for Alien

Fiancé(e) signed and dated 02/22/2017, and I timely appealed and re-filed.

22. ISSUE C: Are the multiple delays by USCIS unreasonable,

    a. of more-than seventeen months since the original petition?

    b. of more-than fourteen months since the second petition? and

    c. of more-than seven months since the third petition?

V.   ISSUE A: EXTREME HARDSHIP DUE TO LEGAL IMPOSSIBILITY  ¶ 23-43

23. At the time of the 11/14/2016 petition, meeting in person was legally impossible.

24. The legal impossibility was created by the government due to no fault mine or Pamela's.

25. Half of the legal impossibility of meeting in person is the result of the government's

requirement that Pamela have a visa to enter the U.S., due to no fault of her own.

26. Applying for any other type of visa would require committing fraud because Pamela

"seeks to enter the United States solely to conclude a valid marriage." 101(a)(15)(K)(i).

27. As such, Pamela was and is not eligible for any visa classification other than the K-1 visa.

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

28. The "sole purpose" requirement renders Pamela ineligible for a visitor visa, along with its requirement to prove intent to return without marrying me, which is factually absent.

29. Under these facts, Pamela coming to the U.S. to meet me in person solely to fulfill the in-person meeting requirement would have been legally impossible even if the government miraculously decided to speedily grant a visa sans proof of intent to return.

30. The other half of the legal impossibility of meeting in person is the result of the October 2016 denial to me of a passport with which to be able to leave the United States in order to go to any other country, due to no fault of my own.

31. The passport denial was entirely the fault of a state (Texas) violation of the 14th Amendment, Section 1 due process of law and equal protection clauses:

No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

32. The Texas Office of the Attorney General erroneously and improperly notified the Secretary of Health and Human Services that I was in arrears of child support, despite my having given the state agency in November 2014 a copy of a court order for abatement.

33. The January 2014 court order for abatement requires the OAG to suspend such administrative action as long as a defined delinquency does not occur.

34. Therefore, the OAG's later notification to the Secretary of HHS which the government relied on to deny me passport issuance violated the due process clause.

35. The computation of the arrears was also an equal protection clause violation because the proceedings which were the subject of the 2014 judicial order for abatement violated the ADA and e.g. Tex. Fam. Code secs. 153.193, 153.258, 157.163(b), and 261.305(c).

Daniel James Caldwell                6                Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

36. The veracity of the illegality of the notification to the Secretary of HHS is attested to by the rapid reversal of the notification when heard on December 22, 2016, the state granting relief to implement the abatement after an extraordinary habeas corpus proceeding.

37. I presumed that the government would recognize that a legal impossibility preventing compliance must constitute *per se* extreme hardship as a matter of law.

38. The government clearly disagreed, implicitly holding that, as a matter of law, overcoming a legal impossibility of compliance with the in-person requirement does not constitute extreme hardship, and that mere legal impossibilities are usual or expected hardships, or that fraud is an acceptable means to obtain a visa to overcome legal impossibilities.

39. In other words, in order to be consistent with the USCIS Policy Manual, individuals may be usually expected to have to overcome legal impossibilities to compliance with the requirement to "have met in person within the two years immediately preceding."

40. Stated differently again, a holding that a legal impossibility does not constitute an extreme hardship means that the government usually expects individuals to have to violate another federal law in order to comply with the in-person meeting requirement.

41. USCIS Policy Manual Volume 9 Part B gives the following guidance:

[S]ome degree of hardship to qualifying relatives exists in most, if not all, cases in which individuals with the requisite relationships are denied admission. Importantly, to be considered "extreme," the hardship must exceed that which is usual or expected. [5] But extreme hardship need not be unique, [6] nor is the standard as demanding as the statutory "exceptional and extremely unusual hardship" standard that is generally applicable to non-lawful permanent resident cancellation of removal. [7]

Daniel James Caldwell                    7                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER WAC1790465764

Previously I-290B (WAC1890008866), I-290B (WAC1790471518), and I-129F WAC1790070318

42. Footnote 6 therein cites to Matter of L-O-G-, 21 I&N Dec. 413, 418 (BIA 1996):

The word "extreme" should not be equated with "unique," and hardship for [waiver] purposes need not be unique to be extreme. A restrictive view of extreme hardship is not mandated either by the Supreme Court or by our published case law. [USCIS] granting of this motion is fully consonant with [the BIA] seminal decision in Matter of Anderson, [16 I&N Dec. 596 (BIA 1978)]. Moreover, a flexible approach to extreme hardship harmonizes Board law with prevailing case law from the judicial circuits. See, e.g., *Salameda v. INS*, 70 F.3d 447 (7th Cir. 1995); *Blanco v. INS*, [68 F.3d 642 (2d Cir. 1995)]; *Tukhowinich v. INS*, 64 F.3d 460 (9th Cir. 1995); *Watkins v. INS*, 63 F.3d 844 (9th Cir. 1995); *Turri v. INS*, [997 F.2d 1306 (10th Cir. 1993)]; *Babai v. INS*, 985 F.2d 252 (6th Cir. 1993).

https://www.justice.gov/sites/default/files/eoir/legacy/2014/07/25/3281.pdf

43. The government should take the position that concurrent "legal impossibility" of travel into the U.S. by the beneficiary or out of the U.S. by the petitioner constitutes a *per se* extreme hardship to compliance with the in-person meeting requirement.

VI.    ISSUE B: AMENDED PETITION IMMEDIATELY FILED    ¶ 44-56

44. USCIS should have treated the petition and documents sent on 02/22/2017 and filed by USCIS on 02/28/2017 as an amended petition, as alternatively requested ("Alternately, I am enclosing an updated petition with the changed answers indicated in the margin").

45. I requested early termination of my lease and move out of the address listed on my original I-129F Petition for Alien Fiancee filed on 11/14/2016 because of recurring maintenance problems and conflicts with co-tenants due to their lease violations.

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

46. I moved from 3600 Rosewood #310 on 12/19/2016, and I electronically reported moving as soon as I learned that USCIS online feature on 12/28/2016, CA13631601145CSC.

47. I also secured release of my passport on 12/23/2016 and traveled to meet Pamela in person in Mexico City on 12/29/2016, because she lives and works in Ecatepec, Mexico.

48. I moved again on 01/19/2017, to 3711 Southmore #213, the apartment listed on my amended I-129F, and I reported that change on 01/25/2017, CA10251701610CSC.

49. Thereafter, I finally received the 01/24/2017 approval on 01/30/2017 to be "sealed" in the Church of Jesus Christ of Latter Day Saints, a state-recognized religious marriage.

50. The changes in 47-49 collectively constitute material changes in circumstances which warrant submitting an amended petition and including additional documentation, which I did on 02/22/2017, and which qualifies as "immediately" under the USCIS time frames.

51. This petition included both photographic and record evidence to establish the fact that I and Pamela met in person within the two years immediately preceding the petition filing.

52. I have looked for but not found guidance more applicable to this issue than the Policy Memorandum 602-0120, USCIS Final Guidance on When to File an Amended or New H-1B Petition After Matter of Simeio Solutions, which supports the assertion--and indeed, requires--that USCIS have considered the new I-129F Petition for Alien Fiancee that I submitted on 02/22/2017, saying in relevant part:

If the petitioner has received a request for evidence or a notice of intent to deny a petition based on a failure to file an amended petition, USCIS may consider the current, pending petition under review to satisfy the safe harbor filing requirement . . . .

Daniel James Caldwell                              9                  Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER WAC1790465764

Previously I-290B (WAC1890008866), I-290B (WAC1790471518), and I-129F WAC1790070318

In the event there are material changes after the filing of a petition, the petitioner must immediately file an amended or new petition to reflect those changes.

The petitioner must file an amended or new petition before [receiving the visa benefit.]

https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2015/2015-0721_Simeio_Sol utions_Transition_Guidance_Memo_Format_7_21_15.pdf

53. The 02/15/2017 request for evidence received on 02/21/2017 was not "based on a failure to file an amended petition," but was based on USCIS concluding that the evidence originally submitted was legally deficient to establish that (1) my prior divorce was final, (2) Pamela plans to marry me, and (3) a personal meeting required extreme hardship.

54. The change in 46 alone was not material, although the change in 47 is material.

55. The unavoidable cumulative changes during the address instability between 46 and 48, as well as the supplementation in 49--along with uncertainty whether other additions might be necessary--, reasonably explain a less-than-30 day delay in submitting a new petition.

56. Considering that I did, in fact and law, immediately file a new or amended petition, the government should treat my submitting a revised Form I-129F, accepted as received by USCIS on 02/28/2017, as then a filing of a new or amended Petition for Alien Fiancee.

VII.    ISSUE C: UNREASONABLE DELAY DENIES FUNDAMENTAL RIGHTS    ¶ 57-

57. Based on 8 U.S.C. §1571(b), the case was outside normal processing time 180 days after the initial filing of the application on 11/14/2016 (Receipt Number WAC1790070318).

58. On 05/12/2017, I made a telephone inquiry, T1D1321702036CSC.

59. On 06/13/2017, SR11641703333CSC, the case was another 30 days outside normal time.

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

60. On 08/05/2017, SR12171700486CSC, the case was so far outside normal processing time that it was within a few weeks of the upper limit for the normal processing time for a petition filed on 02/28/2017.

61. The denial rendered by USCIS on 08/09/2017 was an arbitrary and capricious exercise of discretion first because of the abusive delays and second by refusing both to grant the waiver in issue A and to consider the amended petition discussed in issue B.

62. The 180th day from submitting this Petition for Fiancee visa was 03/12/2018, although USCIS would not accept a case status inquiry until 04/24/2018, WKD1141801841CSC.

63. The AAO is also in violation of its non-discretionary duty to act because, as of now, I have still not received a notice of action for the timely filed I-290B appeal on 10/05/2017 (originally filed as Receipt Number WAC1790471518 and re-filed as WAC1890008866).

64. The 180th day from filing of this Notice of Appeal to the Commissioner was 04/03/2018, and I submitted a separate case status inquiry on 04/24/2018, SR11141805964CSC.

65. USCIS is again in violation of its non-discretionary duty to act on my case, this time regarding my third I-129F K-1 filing on 09/13/2017 (Receipt Number WAC1790465764).

66. This conclusion has been clearly reiterated by the courts:

CIS has a non-discretionary duty to act on applications before it by processing them. See *Houle v. Riding*, **2008 U.S. Dist. LEXIS 8482, 2008 WL 223670, at \*8 (E.D.Cal. 2008)**; *Liu v. Chertoff*, 2007 U.S. Dist. LEXIS 50173, 2007 WL 2023548, at \*4 (E.D.Cal. 2007). The duty to act is found at Section 555(b), which requires agency actions be done within a reasonable time. See, e.g., *Sherdil v. Chertoff*, 2007 U.S. Dist. LEXIS 95551, 2007 WL 4564111, at \*2 (D.Ariz. 2007); [\*14] *Sun v. Gonzales*,2007 U.S. Dist. LEXIS 84459, 2007 WL 3548280, at \*5 (E.D.Wash. 2007); *Saleem v. Keisler*, 520 F.Supp.2d 1048, 1055 (W.D.Wis. 2007); *Tang v. Chertoff*,493 F.Supp.2d 148, 154 (D.Mass. 2007); *Han Cao v. Upchurch*, 496 F.Supp.2d 569, 575 (E.D.Pa.

Daniel James Caldwell                    11                    Petition for Alien Fiancee K-1 Visa

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

2007); *Saleh v. Ridge*, 367 F.Supp.2d 508, 511-12 (S.D.N.Y.2005); *Duan v. Zamberry*, 2007 U.S. Dist. LEXIS

12697, 2007 WL 626116, at *4 (W.D.Pa. 2007). The Ninth Circuit has confirmed that inaction involves a

non-discretionary act because "at some level, the government has a general non-discretionary duty to process

the applications in the first instance." *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 n.6 (9th Cir. 1997).

<u>Sidhu v. Chertoff, No. 1:07-CV-1188 AWI SMS, 2008 U.S. Dist. LEXIS 13804, at *13-14 (E.D. Cal. 2008)</u>.

67. Now, at the time of filing this brief by USCIS, my I-129F Petition for Alien Fiancee K-1

visa applications will have been continuously pending for 18 full months.

68. My complaint further relies on Supreme Court jurisprudence to assert that the refusal by

USCIS to adjudicate my I-129F Petition for Alien Fiancee in a timely manner is an

unconstitutional violation of my fundamental right as a citizen to marry:

The Constitution promises liberty to all within its reach, a liberty that includes certain specific rights that allow

persons, within a lawful realm, to define and express their identity.

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2593 (2015)</u>

From their beginning to their most recent page, the annals of human history [*2594] reveal the transcendent

importance of marriage. The lifelong union of a man and a woman always has promised nobility and dignity to

all persons, without regard to their station in life. Marriage is sacred to those who live by their religions and

offers unique fulfillment to those who find meaning in the secular realm. Its dynamic allows two people to find

a life that could not be found alone, for a marriage becomes greater than just the two persons. Rising from the

most basic human needs, marriage is essential to our most profound hopes and aspirations.

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2593-94 (2015)</u>

[I]t is the enduring importance of marriage that underlies the petitioners' contentions.

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2594 (2015)</u>

Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life,

liberty, or property, without due process of law." The **fundamental** liberties protected by this Clause include

I-129F RECEIPT NUMBER <u>WAC1790465764</u>

Previously I-290B (<u>WAC1890008866</u>), I-290B (WAC1790471518), and I-129F <u>WAC1790070318</u>

most of the rights enumerated in the Bill of Rights. See *Duncan* v. *Louisiana*, 391 U.S. 145, 147-149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). In addition these liberties extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs. See, *e.g.,* [*2598] *Eisenstadt* v. *Baird*, 405 U.S. 438, 453, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972); *Griswold* v. *Connecticut*, 381 U.S. 479, 484-486, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965).

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2597-98 (2015)</u>

Applying these established tenets, the Court has long held the right to marry is protected by the Constitution. In *Loving v. Virginia*, 388 U.S. 1, 12, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967), which invalidated bans[,] in *Zablocki v. Redhail*, 434 U.S. 374, 384, 98 S. Ct. 673, 54 L. Ed. 2d 618 (1978), which held the right to marry was burdened[,] in *Turner v. Safley*, 482 U.S. 78, 95, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), which held the right to marry was abridged by regulations limiting the privilege . . . and in other contexts, the Court has reiterated that the right to marry is **fundamental** under the Due Process Clause. See, *e.g., M. L. B.* v. *S. L. J.,* 519 U.S. 102, 116, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996); *Cleveland Bd. of Ed.* v. *LaFleur*, 414 U.S. 632, 639-640, 94 S. Ct. 791, 39 L. Ed. 2d 52 (1974); *Griswold, supra,* at 486, 85 S. Ct. 1678, 14 L. Ed. 2d 510; *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942); *Meyer* v. *Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923).

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2598 (2015)</u>

These considerations lead to the conclusion that the right to marry is a **fundamental** right inherent in the liberty of the person

<u>Obergefell v. Hodges, 135 S. Ct. 2584, 2604 (2015)</u>

69. Constitutionally USCIS cannot delay adjudication of a K-1 visa petition indefinitely.

IV.    CONCLUSION: PETITION SHOULD BE APPROVED WITHOUT DELAY    ¶ 70

70. I request USCIS to expedite the processing of the adjudication of the egregiously late approval and furthermore issue a precedent decision to provide guidance in other cases.

Daniel James Caldwell                    13                    Petition for Alien Fiancee K-1 Visa



Daniel Caldwell <alwaysremember@aggienetwork.com>

---

## USCIS Receipt Number WAC1790465764

---

**Daniel Caldwell** <daniel.caldwell@g.austincc.edu>            Thu, May 24, 2018 at 1:09 AM
Reply-To: daniel.caldwell@g.austincc.edu
To: CSC NCSC Follow Up <csc-ncsc-followup@uscis.dhs.gov>

Greetings,
The purpose of this message is to attempt to mediate my case and forestall the need to file a petition for mandamus regarding the inaction by the Attorney General on my petition which was received on 9/8/2017 and filed on 9/13/2017.
For further reference, my most recent case status inquiry confirmation number is T1D1411802674CSC.
The basis for suit lies in multiple federal statutes:
28 U.S.C. §§ 1331, 1361, 1651, 2201(a), 2202; 5 U.S.C. §§ 555(b), 702 et seq., 8 USCS § 1571, as interpreted by Ahmadi v. Chertoff, 522 F. Supp. 2d 816 (2007), inter alia; 8 U.S. Code §§ 1101(a)(15)(K)(1), 1103(a), 1184(d)(1); and 14th Amend. Sec. 1 as interpreted by Obergefell v. Hodges, 135 S. Ct. 2584 (2015).
I have been utterly unable to schedule with https://my.uscis.gov/appointment because there are no available appointments.
"So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function. With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."
5 U.S.C.S. § 555(b).
I argue that adjudication of the K-1 visa petition has been "unreasonably delayed," in violation of 5 U.S.C. §§ 555(b) and 706(1), and that this delay is not reasonable.
The delay is unreasonable because this is the third such petition for the same benefit with regard to the same petitioner and beneficiary.
More than 18 consecutive months have elapsed since the initial filing November 14, 2016.
The first petition had been adjudicated on 08/09/2017 after nine months, exactly 30 days before the present petition was received, with any earlier deficiency corrected.
Adjudication of the new petition should have then required less than the 6 month time directed by Congress in 8 USCS § 1571, not more time.
Authority to support this argument includes *Sherdil v. Chertoff*, No. Civ. 07-629, 2007 U.S. Dist. LEXIS 95551, 2007 WL 4564111, at *2 (D. Ariz. Dec. 20, 2007), for example, the court concluded that § 103.2(b)(18) "sets forth a specific framework for both the timing and manner of withholding [**35] adjudication of adjustment of status applications. Where the allegation is that the [USCIS] has acted inconsistently with § 103.2(b)(18), the Court . . . may compel action under § 706(1) of the APA." The court in *Wang v. Chertoff*, No. Civ. 07-077, 2007 U.S. Dist. LEXIS 87419, 2007 WL 4200672, at *2 (D. Ariz. Nov. 27, 2007), similarly concluded that § 103.2(b) (18) puts a boundary on the time for adjudication, concluding that if the USCIS's time for decision was unlimited, "there would be no need for a specific regulation allowing the government to temporarily withhold adjudication while sensitive investigations are allowed to proceed."
Language about timing is contained in 8 U.S.C. § 1571, which states that the USCIS is to "eliminate the current backlog in the processing of immigration benefit applications . . . and to maintain [**36] the elimination of the backlog in future years." § 1571(a)(1). This statute contains the "policy" statement that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." § 1571(b). Although courts agree that the 180 days is an aspirational, not mandatory, time limit, some courts have considered § 1571(b) as a factor in assessing the reasonableness of delay. *See, e.g., Rajput v. Mukasey*, No C-07-1029, 2008 U.S. Dist. LEXIS 48281, 2008 WL 2519919, at *5 (W.D. Wash. June 20, 2008) (characterizing § 1571(b) as useful in assessing the reasonableness of delay); *Kashkool v.*

*Chertoff*, 553 F. Supp. 2d 1131, 1144 (D. Ariz. 2008); *Karimushan v. Chertoff*, 2008 U.S. Dist. LEXIS 47167, 2008 WL 2405729, at *4 (E.D. Pa. June [*831] 11, 2008); *Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1198 (N.D. Cal. 2008).

Both 8 C.F.R. 103.2(b)(18) and 8 U.S.C. § 1571(b) are relevant to the second factor of a six-factor test adopted in many circuits for assessing whether an agency's action has been "unreasonably delayed" under §§ 555(b) and 706(1) of the APA. This test, first articulated in *Telecommunications Research and Action Center v. F.C.C.* ("*TRAC*"), [**37] 242 U.S. App. D.C. 222, 750 F.2d 70, 80 (D.C. Cir. 1984), requires a court to consider:

(1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by delay[;] and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (internal citations and quotations omitted); *see also Nat'l Grain & Feed Ass'n, Inc. v. Occupational Safety and Health Admin.*, 903 F.2d 308, 310 (5th Cir. 1990) (adopting *TRAC* factors); *Rajput v. Mukasey*, 2008 U.S. Dist. LEXIS 48281, 2008 WL 2519919, at *5(applying *TRAC* factors in name-check litigation); *Kashkool v. Chertoff*, 553 F. Supp. 2d at 1144 [**38] (same).

In *Ali v. Frazier*, 575 F. Supp. 2d 1084, 2008 U.S. Dist. LEXIS 78591, 2008 WL 4180265, at *9, the court concluded that the plaintiff had stated a claim under the APA. 2008 U.S. Dist. LEXIS 78591, [WL] at *10.

<u>Sawan v. Chertoff</u>, 589 F. Supp. 2d 817, 829-31 (S.D. Tex. 2008)

In the present case, unlike *Ali*, the government had already completed a name-check request.

I will look forward to your response presently.

The combined factors weigh favorably to a district court finding that I am entitled to mandamus relief, and I will file that petition this week, having given the government ample opportunity to respond.

DC

---------- Forwarded message ---------
From: Daniel Caldwell <daniel.caldwell@g.austincc.edu>
Date: Thu, May 17, 2018, 3:13 PM
Subject: Fwd: USPS - Click-N-Ship(R) Payment Confirmation
To: <lockboxsupport@uscis.dhs.gov>


Greetings,
I submitted the attached form and brief with the $675 fee two weeks ago and want to know if/when the submission is received and filed and what receipt number is being assigned.
DC
http://DanielCaldwell.brandyourself.com/
512-761-5740


SHARING OF INFORMATION: This e-mail is being sent to persons believed to have a legitimate interest in its content. That content may be privileged, and the right to individual confidentiality has not been waived. DO NOT "REPLY-ALL" WHEN RESPONDING. Also, use discretion when forwarding, being sure to redact data pertaining to private parties.


---------- Forwarded message ----------
From: <USPS_Shipping_Services@usps.com>
Date: Tue, May 1, 2018 at 10:40 PM
Subject: USPS - Click-N-Ship(R) Payment Confirmation
To: daniel.caldwell@g.austincc.edu


Sign in   |   Shipping History   |   Manage Your Mail   |   Customer Service

## USPS-Click-N-Ship® Payment Confirmation

Thanks for shipping with us, DANIEL J CALDWELL!

Additional information regarding your label(s) can be found in your Shipping History. From your Shipping History you can Ship Again, track your package, or request a refund.

**Click-N-Ship® Payment Details**
**Acct #:** 127515674
**Transaction Number:** 433938206
**Transaction Date/Time:** 05/01/2018 10:38 PM CDT
**Transaction Amount:** $6.70
**Payment Method:** PayPal®

**Priority Mail® 2-Day**
**Small Flat Rate Envelope**
**9405 5036 9930 0228 1601 72** (Sequence Number 1 of 1)
**Scheduled Delivery Date:** 05/04/2018
**Shipped to:**

> U.S. DEPARTMENT OF HOMELAND
> SECURITY
> PO BOX 10129
> LAGUNA NIGUEL CA 92607-1012

Learn more about requesting a refund online here.

**Need help?**
Search FAQs
1-800-ASK-USPS

Privacy Policy

*I certify that I am serving a copy of this document (22 pages) to the defendants, as indicated on page 2 of 6.*

*May 24, 2018*

usps.com

This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately and delete the original. Any other use of the email by you is prohibited.

**4 attachments**

📄 **i-290b.pdf**
991K

📄 **USCIS-Brief.pdf**